**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| WHITNEY K. STEPP, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:20-cv-01359-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Whitney K. Stepp, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 36-49.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young; only thirty-three years old.  (Tr. 68.)  She testified she attended college for three years.  (Tr. 68-69.)  She has past relevant work as an outpatient receptionist and salesperson.  (Tr. 47.)

The ALJ[1] found Ms. Stepp met the disability eligibility requirements to apply for disability insurance benefits.  (Tr. 36.)  She has "severe" impairments in the form of "diabetes mellitus, diabetic retinopathy, migraine headaches, depression, and anxiety." (*Id*.)  The ALJ further found Ms. Stepp did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 37-39.)

The ALJ determined Ms. Stepp had the residual functional capacity (RFC) to perform a reduced range of light work given her physical and mental impairments.  (Tr. 39-40.)  The ALJ determined Ms. Stepp could no longer perform her past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 84-88.)  Based in part on the testimony of the vocational expert, the ALJ determined she could

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

perform the job of price marker - despite her limitations. (Tr. 48.) Accordingly, the ALJ determined Ms. Stepp was not disabled. (Tr. 49.)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-28.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Stepp argues that the ALJ's RFC assessment was flawed. (Doc. No. 17 at 15-19.) Ms. Stepp clearly suffers from some degree of pain and limitation from her back disorder. But given my limited review under the law and my careful assessment of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

I have carefully reviewed the evidence Plaintiff cites in support of her argument. (Tr. 580, 582, 586, 590, 594, 600, 606, 609, 618, 621, 653, 927, 933, 1147, 1149, 1180.) While this evidence does show that Plaintiff suffers from some level of pain and limited range of motion, these records fail to support an allegation of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). I find no reversible error here.

I have also reviewed the RFC Questionnaire completed by Plaintiff's treating doctor, Joseph Dunaway, D.O. (Tr. 743-745.) In addressing this evidence, the ALJ stated:

> Dr. Dunaway's opinion is somewhat persuasive. It consists of a check-box form without explanation. The overall medical evidence of record does not support his limitations on sitting, standing, and walking; however, it is consistent with an ability to occasionally lift up to 20 pounds and frequently lift less than 10 pounds. Dr. Dunaway's treatment notes also do not support his findings that the claimant would need to take two to three unscheduled breaks in an eight-hour day (See, e.g., Ex. B7F/1-3, 15; B13F/1, 3; B15F/4-7, 13-19; B28F/23).

(Tr. 45.)

I find the ALJ's assessment of the RFC Questionnaire to be consistent with the overall evidence of record. I also find the Commissioner's argument highly persuasive regarding Dr. Dunaway's recommendation that Plaintiff "exercise 5x/week for at least 40-60 minutes with target rate appropriate based on age." (Tr. 1181; Doc. No. 20 at 6.)

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions. And while I recognize they only evaluated the medical evidence and did not have the benefit of actually examining Ms. Stepp, the opinions of Elizabeth Bucolo, Psy.D., Steve Brown, M.D., William Harrison, M.D., Robert Redd M.D., constitute substantial evidence upon which the ALJ could rely.

There is ample evidence to support the Commissioner's decision. I recognize there is also evidence to support Ms. Stepp's claims, including diagnostic tests that reveal some abnormality with her back. (Tr. 582-583, 603, 1149.) Yet the overall evidence supports the ALJ's conclusion that she was not disabled.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The

record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments which I find are without merit. Ms. Stepp's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERD that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 3rd day of December 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE